Ms. Glenna Butler, Chairperson Arkansas Towing and Recovery Board P.O. Box 8285 Searcy, AR 72145-8285
Dear Ms. Butler:
This is in response to your request for an opinion regarding procedures in connection with unattended or abandoned vehicles. You note that in many situations, law enforcement officers issue orders for a vehicle to be removed and stored by a towing-storage firm. You have also noted the federal law prohibition against the release and use of personal information obtained by a state department of motor vehicles in connection with a motor vehicle record. See 18 U.S.C. § 2721 (1998).
Your specific questions in this regard are as follows:
 1) Pursuant to A.C.A. § 27-50-1206, the officer is required to provide certain information to the towing-storage firm. Can that information legally be provided to the towing-storage firm by the law enforcement officer?
 2) Can a law enforcement office refuse to provide the information required to be provided by A.C.A. § 27-50-1206, in reliance upon the Federal Driver's Privacy Act [18 U.S.C. § 2721 et seq.] or for any other reason?
 3) Does A.C.A. § 27-50-1101 only apply to vehicles `abandoned on private or public property' or does it also apply to unattended vehicles removed at the order of law enforcement officers? For example, if a vehicle is involved in an accident and the owner is unconscious and cannot make determination of which towing/storage firm to remove the unattended vehicle, do the provisions of A.C.A. § 27-50-1101 apply, through the application of A.C.A. § 27-50-1208 or otherwise?
It is my opinion that the answer to your first question is "yes," in accordance with the plain language of A.C.A. § 27-50-1206(a) (Supp. 1997) wherein it states:
 a) Any order issued by a law enforcement officer to a licensed towing-storage firm to remove and store an unattended or abandoned vehicle shall provide information supplied from the records of the Office of Motor Vehicles, Arkansas Crime Information Center records, or the motor vehicle records of any other state indicating the name and address of the last registered owner, the name and address of the holder of any recorded lien on the vehicle, and the vehicle identification (serial) number of the vehicle. In the event that there is evidence in the vehicle indicating that the vehicle is registered in another state, the information shall be supplied from the motor vehicle records of that state.
Regarding the applicability of 18 U.S.C. § 2721 (1998), see following response to Question 2.
It is my opinion in response to your second question that the federal act (18 U.S.C. § 2721 et seq.) does not provide authority for an officer's refusal to comply with A.C.A. § 27-50-1206. Nor am I aware of a separate basis for refusing to provide the information required by this Code section.
The federal legislation states that:
 [e]xcept as provided in subsection (b), a State department of motor vehicles, and any officer, employee, or contractor, thereof, shall not knowingly disclose or otherwise make available to any person or entity personal information about any individual obtained by the department in connection with a motor vehicle record.
18 U.S.C. § 2721(a) (1998) (emphasis added).
Arkansas Code Annotated § 27-50-1206(a) requires that a removal order provide personal information supplied from, inter alia, the records of the Office of Motor Vehicles. This would seem contrary to the clear prohibition in 18 U.S.C. § 2721(a), unless an exception under subsection (b) applies. (See language emphasized above). In my opinion, an exception is found in subsection (b)(7), which states:
 (b) Permissible uses. — Personal information referred to in subsection (a) . . . may be disclosed as follows:
* * *
 (7) For use in providing notice to the owners of towed or impounded vehicles.
18 U.S.C. § 2721(b)(7) (1998).
The plain language of this exception would appear to authorize the release and use of the information required to be supplied, under A.C.A. § 27-50-1206, from the records of the Office of Motor Vehicles, i.e., names and addresses of the last registered owners and lienholders, and vehicle identification numbers. It is clear that this information is to be provided in order for the towing-storage firm to give notice to owners as required under A.C.A. § 27-50-1208.
Although the interpretation of federal law is not ordinarily within the scope of an opinion from this office, your question raises the issue of federal preemption and thus necessarily requires my review of18 U.S.C. § 2721. Accordingly, based upon a plain reading of this federal provision, it is my opinion that there is no preemption of A.C.A. §27-50-1206, and that an officer cannot rely upon 18 U.S.C. § 2721 in refusing to provide the information required under § 27-50-1206. You have not suggested nor can I conceive of any other particular reason that would generally support an officer's refusal to provide the information.
In response to your third question, it is my opinion that the notice provisions of A.C.A. § 27-50-1101 apply with respect to such "unattended"[1] vehicles, in accordance with A.C.A. § 27-50-1208(b)(2) (Supp. 1997) wherein it provides that the towing-storage firm's possessory lien shall be perfected by:
(1) Maintaining possession; and
 (2) Giving notice to the owner or owners and lienholders as prescribed in § 27-50-1101, informing the owners and lienholders that the vehicle may be sold at public auction if not claimed within the time period prescribed in § 27-50-1101. The towing and storage firm shall obtain the names and addresses of the owners and lienholders, if any, from the motor vehicle records of the state in which the vehicle is titled or registered.
The sale procedure under § 27-50-1101 is also applicable to unattended vehicles removed under law enforcement order. See A.C.A. §27-50-1210(b)(3) (requiring documentation to the Office of Motor Vehicles "to the effect that the sale procedure provided by § 27-50-1101 has been complied with" in order for the purchaser to receive a new title).
Clearly, therefore, to this extent, i.e., for purposes of notice and the applicable sale procedure, the provisions of § 27-50-1101
apply through the application of § 27-50-1208.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I assume under the example given that your question pertains to an "unattended" vehicle as defined in A.C.A. § 27-50-1202(1) (Supp. 1997). The definition includes vehicles that remain "not in the custody of some responsible person following an accident where the operator has been removed to a hospital or is otherwise unable to make personal arrangements for the vehicle's care[.]"